[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is an action by the plaintiff fire company against the defendant construction company for damages that resulted when fuel oil leaked from a tank and piping that the defendant had installed. The Connecticut Department of Environmental Protection used money from the Emergency Spill Response Fund to clean up the oil spill. The Department of Environmental Protection has now demanded that the plaintiff reimburse the department $181,778.79 plus interest and penalties, pursuant to Conn. Gen. Stat. Sec. 22a-451. That sum is among the damages claimed by the plaintiff against the defendant. The defendant's insurance company, Transcontinental Insurance Company, has denied coverage for the spill citing provisions in its policy that purport to exempt such hazards from coverage. The plaintiff moved to cite in Transcontinental as a defendant, and that motion was granted on October 19, 1992. Service of an amended complaint was made and Transcontinental Insurance Company appeared by counsel and denied the allegations against it in the amended complaint. Transcontinental now moves for summary judgment alleging that it is entitled to judgment as a matter of law. The plaintiff opposes summary judgment.
The allegations against Transcontinental in the amended CT Page 8621 complaint allege that Transcontinental has breached its contract of insurance with Caldwell Walsh to the detriment of the plaintiff, a third party beneficiary. Transcontinental asserts that the plaintiff has no standing to make any claim against the defendant Caldwell Walsh's insurer, because a third party beneficiary in the position of the plaintiff can only do so pursuant to Conn. Gen. Stat. Sec. 38a-321. That statute provides that a direct right of action exists against the insurer only once the plaintiff becomes a judgment creditor of the insured and such judgment remains unsatisfied after a period of thirty days from judgment. At that point the judgment creditor becomes subrogated to the rights of the judgment debtor "and shall have a right of action against the insurer to the same extent that the [judgment debtor] in such action could have enforced his claim against such insurer had such defendant paid such judgment. Conn. Gen. Stat. Sec. 38a-321.
The plaintiff argues that, for all practical purposes, such a judgment debtor/creditor relationship already exists as a result of the demand by the Department of Environmental Protection for payment of a liquidated (no pun intended) sum. The plaintiff cites cases from other states which hold that a threat of agency action is sufficient to trigger an insurer's duty to defend. See, e.g.,U.S. F. G. v. Specialty Coatings Co., 180 Ill. App.3d 378,535 N.E.2d 1071 (1989). But that is quite different from a duty topay under the policy. The agency action here is, so far, only a demand for payment. Both sides have submitted in their supporting papers the letter of the Department of Environmental Protection dated January 30, 1992, advising the plaintiff that a failure to reimburse the department will result in a "recommendation of referral of the case to the Office of the Attorney General for litigation. . . ." This can hardly be considered a final judgment within the meaning of Conn. Gen. Stat. Sec. 38a-321.
Nor does the holding of Connecticut Insurance GuarantyAssociates v. Raymark Corporation, 215 Conn. 224 (1990) alter the fact that the plaintiff cannot sue the insurer directly. Raymark
was a declaratory judgment action in which the court held that those having personal injury claims against the defendant tortfeasor were necessary and indispensable parties, under the declaratory judgment rule — Conn. P.B. Sec. 390, to an action in which the central issue was the scope of insurance coverage available to those claimants. Such a holding cannot be stretched to include a direct right of action by a claimant against an insurer in contravention of the provisions of Conn. Gen. Stat. Sec.38a-321. CT Page 8622
The defendant Transcontinental is entitled to judgment as a matter of law, there being no genuine issues of material fact to try. The Motion for Summary judgment is granted.
PATTY JENKINS PITTMAN, JUDGE